UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

ILIANA MITJANS,

    Plaintiff,

vs.

COMPLAINT

JIN JIN FOOD CORPORATION, a Florida profit corporation, and YAN XIE, an individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff ILIANA MITJANS ("Plaintiff" or "Mitjans"), who was an employee of Defendants JIN JIN FOOD CORPORATION, a Florida profit corporation, and YAN XIE, an individual (together, "Defendants"), and this Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), 29 C.F.R. § 531.35, and for a declaration of rights.

1. This action is brought pursuant to the FLSA for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief.

### II.   JURISDICTION AND VENUE

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

1

3. This Court has original jurisdiction over Plaintiff's federal question claims.

### III. PARTIES

4. Plaintiff ILIANA MITJANS ("Mitjans") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

5. Defendant JIN JIN FOOD CORPORATION is a Florida profit corporation that has owned and operated the New York Buffet restaurant ("New York Buffet"), located at 7900 Northwest 27th Avenue, #D-24-A, Miami, Miami-Dade County, Florida.

6. Defendant YAN XIE ("Xie"), an individual and *sui juris*, was the owner and operator of JIN JIN FOOD CORPORATION ("Jin Jin"), the corporation that has owned and operated the New York Buffet restaurant at which Plaintiff was employed. Xie acted directly and indirectly in the interest of Jin Jin. Xie managed Jin Jin and had the power to direct employees' actions. Xie had management responsibilities, degree of control over Jin Jin's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at New York Buffet in accordance with the FLSA making Defendant Yan Xie an employer pursuant to 29 USC § 203(d).

### IV. COVERAGE

7. During all material times, Defendant JIN JIN FOOD CORPORATION was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

working on goods or materials that have been moved in or produced for commerce by any person.

8. During all material times, Defendant JIN JIN FOOD CORPORATION was an employer as defined by 29 U.S.C. § 203(d).

9. During all material times, Defendant YAN XIE was an employer as defined by 29 U.S.C. § 203(d).

10. During all material times, JIN JIN FOOD CORPORATION had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V.     FACTUAL ALLEGATIONS

11. Defendants operated a restaurant known as New York Buffet ("Jin Jin"), located at 7900 Northwest 27th Avenue, #D-24-A, Miami, Miami-Dade County, Florida.

12. Mitjans worked as a server for Defendants from August, 2014, approximately, through the present.

13. During the Relevant Time Period, the applicable Florida minimum wage was $7.93 per hour in 2014, $8.05 per hour in 2015 and 2016, and $8.10 per hour in 2017.

14. During the Relevant Time Period, the applicable Florida minimum overtime wage was $11.895 per hour in 2014, $12.075 per hour in 2015 and 2016, and $12.15 per hour in 2017.

15. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage.  This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

16. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum and overtime wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).  If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum and overtime wage.

17. Throughout her employment as a server at New York Buffet, Plaintiff was not paid an hourly wage but instead was only paid a share of the tips collected.

18. Throughout her employment, Plaintiff was forced to share her tips with non-tipped employees such as managers and/or owners.

19. Defendants never provided Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

20. Throughout her employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

21. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and thus cannot apply Plaintiff's tips towards satisfaction of Defendants' minimum and overtime wage obligation, and must therefore pay Plaintiff the minimum wage for each regular hour worked and the overtime wage for each overtime hour worked.

22. Because Defendants never paid Plaintiff an hourly wage, and because of the institution and maintenance of the illegal tip credit violations, Defendants willfully engaged in practices that denied Plaintiff her applicable minimum and overtimes wages under the FLSA.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

23. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201,</u> *et seq*

24. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

25. Defendants willfully and intentionally suffered or permitted Plaintiff to work hours up to forty per workweek without being paid an hourly wage.

26. Defendants forced Plaintiff to participate in a tip pool or tip share with non-tipped employees such as managers and/or owners.

27. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

28. By suffering or permitting Plaintiff to work without being paid an hourly wage, by forcing Plaintiff to participate in an invalid tip pool or tip share, and for not providing the required notice under the FLSA, Defendants cannot claim the tip credit and therefore owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

29. As a direct and proximate result of suffering or permitting Plaintiff to work without being paid an hourly wage, forcing Plaintiff to participate in an invalid tip pool or tip share, and not providing the required notice under the FLSA, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff ILIANA MITJANS demands judgment in her favor and against Defendants JIN JIN FOOD CORPORATION and YAN XIE, jointly and severally, as follows:

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

a) Award to Plaintiff for payment of all hours worked up to forty per workweek at the full Florida minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty per workweek at the full Florida minimum wage owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

30. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

31. Defendants willfully and intentionally suffered or permitted Plaintiff to work hours in excess of forty per workweek without being paid an hourly wage.

32. Defendants forced Plaintiff to participate in a tip pool or tip share with non-tipped employees such as managers and/or owners.

33. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

34. By suffering or permitting Plaintiff to work without being paid an hourly wage, by forcing Plaintiff to participate in an invalid tip pool or tip share, and for not providing the required notice under the FLSA, Defendants cannot claim the tip credit and therefore owe Plaintiff the full overtime wage for each hour worked in excess of forty hours in a week.

35. As a direct and proximate result of suffering or permitting Plaintiff to work without being paid an hourly wage, forcing Plaintiff to participate in an invalid tip pool or tip share, and not

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

providing the required notice under the FLSA, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff ILIANA MITJANS demands judgment in her favor and against Defendants JIN JIN FOOD CORPORATION and YAN XIE, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty per workweek at the full Florida minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty per workweek at the full Florida minimum wage owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

36. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein, and further alleges as follows:

37. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

38. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

39. Defendants did not rely on a good faith defense in suffering or permitting Plaintiff to work without being paid an hourly wage.

40. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

41. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE Plaintiff ILIANA MITJANS demands the entry of judgment in her favor and against Defendants JIN JIN FOOD CORPORATION and YAN XIE, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 30th day of June, 2017.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **June 30, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320

**MITJANS v. JIN JIN FOOD CORPORATION and XIE**
**Case No.:**

9

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808