UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-22451-CIV-WILLIAMS

ILIANA MITJANS,

    Plaintiff,

v.

JIN JIN FOOD CORPORATION and
YAN XIE

    Defendants.
_____/

## NOTICE OF COURT PRACTICE IN FLSA CASES AND REFERRAL TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE AND FAIRNESS DETERMINATION

**THIS MATTER** is before the Court upon a *sua sponte* examination of the record. The Court notes that this is a Fair Labor Standards Act ("FLSA") case in which Plaintiff seeks unpaid wages. To assist the Court in the management of the case, and in an effort to foster its early and cost effective resolution, the Court hereby **ORDERS** the parties to comply with the following requirements.

**A.**     **Statement of Claim and Response**

    1. Plaintiff shall file a short Statement of Claim setting forth the following:

        a) The rate of pay (*e.g.*, hourly, daily, weekly, etc.); and, if other than hourly, the number of hours that the payment was intended to compensate;

        b) The total amount of alleged unpaid wages;

        c) The calculation of such wages (number of hours multiplied by the rate of pay along with corresponding exact dates such wages were earned);

        d) The nature of the wages (*e.g.*, regular or overtime); and

e) The amount of attorneys' fees (hours and rate) incurred to date.

This information shall be filed with the Court no later than **July 19, 2017**, and must be set forth in the form of an easily readable chart. In addition, Plaintiff shall **promptly** serve a copy of this Notice of Court Practice, the Statement of Claim, and copies of all documents supporting Plaintiff's claims (*e.g.*, time sheets, pay stubs and the like) to Defendants' counsel when Defendants' counsel first appears in the case, or at the time of filing the Statement of Claim if Defendants' counsel has already appeared in the case.

2. Within **fifteen days** of receiving service of Plaintiff's Statement of Claim, Defendants shall file a Response to Plaintiff's Statement of Claim (the "Response"), providing their own chart of the wages paid to Plaintiff during the same time periods that corresponds to the information provided by Plaintiff in paragraph 1. Defendants shall also produce all payroll or other relevant documents (*e.g.*, time sheets, pay stubs, written agreements, work schedules, work logs, and the like) supporting the Defendants' Response. If Defendants do not have records regarding the number of hours worked by Plaintiff, Defendants shall provide their estimate of the number of hours worked during each week for which unpaid wages are claimed. The Response must not contain any legal argument or citation to authority.

3. No later than **five days** after the close of discovery, Plaintiff shall file an Amended Statement of Claim. Defendants may file a response to the Amended Statement of Claim within **five days** of Plaintiff's filing.

**B.     Consent to Magistrate Judge; Referral for Settlement Conference and Fairness Determination**

1. The parties shall promptly confer to consider consenting to referral for trial of the action to the Magistrate Judge. If consent is not agreed to, pursuant to Rule 1 of the Magistrate Rules of the Southern District of Florida, the Court hereby **COMPELS** the parties to attend a Settlement Conference before Magistrate Judge Edwin G. Torres within **28 days** after the date that Defendants' Response is due. Plaintiff's counsel must confer with Defendants' counsel and contact Magistrate Judge Torres's Chambers within **seven days after** the date that Defendants' Response is due to schedule a date for the Settlement Conference. **The Settlement Conference may not be scheduled until all payroll documents are exchanged between the parties and reviewed by Plaintiff's counsel with the client**. Magistrate Judge Torres will issue an Order Scheduling Settlement Conference outlining the time and requirements for the Settlement Conference. The Settlement Conference date may not be extended without prior approval from Magistrate Judge Torres.

Except as provided under Local Rule 16.2.E for public-sector entities, the appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. Appearance shall be in person; telephonic appearance is prohibited. If insurance is involved, an adjustor with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

All discussions, representations and statements made at the Settlement Conference will be confidential and privileged.

The parties are responsible for ensuring that within **seven days** following the Settlement Conference, a report is filed that indicates whether the case settled (in full or in part), the Settlement Conference was continued with the consent of the parties, or Magistrate Judge Torres declared an impasse.

2. In all FLSA cases, if the case is resolved by way of settlement at the settlement conference, judicial review and approval of the settlement is necessary to give the settlement final and binding effect. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Accordingly, this matter is also **REFERRED** to Magistrate Judge Edwin G. Torres to determine whether such settlement in this matter is "a fair and reasonable resolution of a bona fide dispute." *Id.*

C. **Non-Compliance with Order and Rules of Court**

Non-compliance with any provision of this Order, the Federal Rules of Civil Procedure, the Local Rules, or this Court's Practices and Procedures (available at: http://www.flsd.uscourts.gov/?page_id=13071), may subject the offending party to **sanctions,** including **dismissal** of this case. It is the duty of all counsel to take all actions necessary to comply with this Order.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 5 day of July, 2017.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE